IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| OMAR CORREA-HUERTA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-583-A |
| | § | (NO. 4:12-CR-229-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Omar Correa-Huerta ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:12-CR-229-A, styled "United States of America v. Omar Correa-Huerta," the court has concluded that such motion should be denied.

I.

Background

Information contained in the record of Case No. 4:12-CR-299-A discloses the following background that is potentially pertinent to the grounds of movant's motion:

On November 14, 2012, movant was named in a one count indictment charging him with illegal reentry after deportation,

in violation of 8 U.S.C. § 1326(a) and (b)(1)/(2). CR Doc. 1.[1] Movant pleaded guilty without benefit of a plea agreement. CR Doc. 17; 28. The plea colloquy establishes that movant's plea was knowing and voluntary and that movant was fully competent and capable of entering into an informed plea. The plea did not result from force, threats or promises. Movant's advisory guideline range was 57 to 71 months, and the court sentenced him to a term of 71 months' imprisonment. CR Doc. 23; 29. Movant appealed and his sentence was affirmed. United States v. Correa-Huerta, 555 F. App'x 376 (5th Cir. 2014). On June 9, 2014, the United States Supreme Court denied movant's petition for certiorari. Correa-Huerta v. United States, 134 S. Ct. 2743 (2014).

## II.

## Grounds of the Motion

Movant sets forth three grounds in support of his motion. Each says simply "ineffective assistance of counsel." And, the gist of each is that movant's attorney failed to negotiate a plea agreement that would have resulted in a lower sentence.

---

[1] The "CR Doc." reference is to the docket in the underlying criminal proceeding, No. 4:12-CR-229-A..

2

III.

Analysis

A.  Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  <u>Legal Standard for Ineffective Assistance of Counsel Claim</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); see also <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; see also <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is

4

whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

C. Timeliness of the Motion

Pursuant to 28 U.S.C. § 2255(f), a movant has a period of one year in which to file his motion to vacate, set aside, or correct sentence. In this case, movant's one-year period expired on June 9, 2015, one year from the denial of his petition for writ of certiorari. Clay v. United States, 537 U.S. 527 (2003). Movant signed his motion of July 29, 2015, and mailed it long after the deadline had expired. Movant did not fill out the section provided in the form motion he used to explain why the one-year limitations period does not bar his motion.

Although the Supreme Court has recognized that a claim of actual innocence may serve as a gateway to pursue a § 2255 motion after limitations has expired, McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), movant does not claim actual innocence. Rather, he says that he received a stiffer sentence than he would have absent the alleged ineffective assistance of counsel. And, in any event, movant has not shown that he is entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2000). Thus, his motion is untimely and must be dismissed.

5

D.   Ineffective Assistance

Even were the court to address the motion on the merits, relief would be denied. A negotiated plea bargain would not have affected movant's sentence. As movant testified at his rearraignment, he understood that the court would determine his sentence, which could be up to the statutory maximum of twenty years in prison. CR Doc. 28. Further, the court would not be bound by any stipulations between movant and the government; the sentence could be more severe or less severe than the sentence recommended by the guidelines; and, if the sentence was more severe than movant anticipated, movant would be bound by his guilty plea. Id. Movant further testified under oath that he was satisfied with his counsel and had no complaints about him. Id. Movant cannot now be heard to refute his solemn testimony under oath absent corroboration by independent and reliable evidence. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Finally, even had his counsel negotiated the kind of agreement movant now appears to want, the court would not have been bound to accept it. United States v. Smith, 417 F.3d 483, 487 (5th Cir. 2005).

IV.

Order

Consistent with the foregoing,

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 25, 2015.

_____
JOHN McBRYDE
United States District Judge